Filed 9/30/13  Marriage of Hawatmeh CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of SAMI and GHADA HAWATMEH. | B238518 |
| | (Los Angeles County Super. Ct. No. PD049175) |
| SAMI HAWATMEH, Appellant, v. GHADA HAWATMEH, Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Christine Byrd, Judge.  Dismissed.

Leonard Chaitin for Appellant.

No appearance for Respondent.

_____

Appellant Sami Hawatmeh attempts to appeal from a postjudgment order which set a further hearing date on the status of two pieces of real property. Because the order was preliminary and interlocutory, we dismiss the appeal.

## BACKGROUND

Sami Hawatmeh (Sami) was married to Ghada Hawatmeh (Ghada) in 1990.[1] In February 2010, Sami filed for divorce. Ghada failed to respond to the petition for dissolution of marriage, and in April 2010 default was entered. Sami filed a community and quasi-community property declaration listing a number of assets and debts. A default judgment was entered in September 2010, and Sami was allotted an assortment of assets and debts.

In December 2010, Ghada filed a motion to set aside the judgment. She filed another motion to set aside the judgment in July 2011. The trial court heard these motions in November 2011. It denied both motions. The court found, however, that two pieces of real property were not identified in disclosures made by Sami and were not awarded in the judgment. Therefore, the court found that it had continuing jurisdiction over the properties pursuant to Family Code section 2556, and it set "the matter for trial with respect to these two properties." The court stated that if Ghada identified any additional assets that had not been adjudicated, she could provide notice to Sami of the assets in advance of the trial. The court declared: "The issues to be tried are the characterization and division of any community interest in the identified properties (or in the proceeds from the sale of the properties), as well as any claims by Respondent of breach of fiduciary duty in connection with these properties." The parties were ordered to engage in mediation, and the court ordered that trial be held on April 2 and 3, 2012.

Sami appealed from the order.

---

[1] We refer to the parties by their first names solely to avoid confusion. No disrespect is intended.

## DISCUSSION

The order that Sami attempts to appeal from is not appealable. It is well established that an interlocutory decree is nonappealable. (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1216.) Postjudgment orders that are preliminary to a later judgment are not immediately appealable, and do not become ripe for appeal until a later final order or judgment is rendered. (*Id.* at p. 1218; *In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 402-403.)

The order at issue here merely set a trial date on two pieces of real property that had not been previously adjudicated. The order did not make any final determination regarding rights, value, or other pertinent matters with respect to these properties. Those are the sorts of determinations that would be expected to occur at trial, but that have not occurred yet. The order is therefore preliminary and interlocutory, and dismissal of the appeal is appropriate.[2]

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

---

[2]     On September 3, 2013, this Court sent a letter to Sami pursuant to Government Code section 68081 requesting briefing on whether the order was appealable. In his responsive brief, Sami acknowledged that the order is not appealable, and instead requested that this Court treat the appeal as a petition for an extraordinary writ. We decline to do. We note, however, that following trial, the matter may be ripe for appeal.

3